NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LINDA LOCK, SUBSTITUTED FOR REGINALD L. LOCK, SR.,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-2142

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-1858, Chief Judge Michael P. Allen.

---

Decided: November 18, 2025

---

LINDA LOCK, Little Rock, AR, pro se.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, YAAKOV ROTH; CARLING KAY BENNETT, BRIAN

D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before DYK, LINN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Reginald L. Lock, Sr., an Army veteran and the original appellant in this case, was denied service-connected benefits. He appealed to the Board of Veterans' Appeals, which held Mr. Lock failed to establish that his disabilities were service connected. The United States Court of Appeals for Veterans Claims affirmed, and Mr. Lock appealed to this court. Mr. Lock died while his appeal was pending, and his surviving spouse, Linda Lock was substituted as appellant. Mrs. Lock asks us to review her husband's medical records and reconsider whether his disabilities are service connected. Because Mrs. Lock challenges only factual findings and the application of law to fact, we dismiss for lack of jurisdiction.

I

Mr. Lock served honorably in the U.S. Army from July 1975 to September 1975. Although his military medical entrance exam was negative for any pertinent disabilities that would exclude him from service, he was ultimately separated from service for pre-existing sickle cell disease. He subsequently sought a service connection for his sickle cell disease and later-developed complications.

Beginning in 1976, the regional office and the Board have denied Mr. Lock's claims. They have repeatedly concluded his sickle cell disease predated his service and was not aggravated by his service beyond the normal progression of the disease. And without a service connection for his sickle cell disease, his claims for conditions secondary to his sickle cell disease were also denied.

Relevant here, the Board again denied entitlement to a service connection for Mr. Lock's sickle cell disease in January 2023 after previously remanding for further medical evaluation. Mr. Lock, who was represented by counsel before the Veterans Court, appealed arguing that the Board failed to comply with a prior joint motion for remand (JMR) and that it relied on inadequate medical examinations. The Veterans Court reviewed the Board's decision, concluded the Board had complied with the JMR and appropriately considered adequate medical opinions, and affirmed. S.A. 4–9.[1]

Mr. Lock timely appealed to this court.

## II

Our jurisdiction to review decisions by the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have exclusive jurisdiction to review and decide challenges to the validity or interpretation of any statute or regulation, and to interpret constitutional and statutory provisions if presented and necessary to the decision. 38 U.S.C. § 7292(c). But absent a legitimate constitutional issue, we cannot review challenges to the Veterans Court's factual determinations or its application of law to fact. 38 U.S.C. § 7292(d)(2); *see also Wanless*, 618 F.3d at 1336.

On appeal, Mrs. Lock raises only factual issues that are outside our jurisdiction. She does argue the Veterans Court's decision involves the validity or interpretation of a statute or regulation and constitutional issues. *See* Appellant's Br. 1–2 (checking "Yes" for items 2 and 3). But we look to the substance of the issue presented rather than a party's characterization of the question when evaluating our jurisdiction. *See Helfer v. West*, 174 F.3d 1332, 1335

---

[1]    S.A. refers to the Supplemental Appendix filed by the government. Dkt. No. 18.

(Fed. Cir. 1999). And Mrs. Lock's allegations of error here are limited solely to factual issues. For example, Mrs. Lock argues basic training caused Mr. Lock's condition to worsen, that his medical records show sickle cell disease as his reason for discharge, and that his sickle cell disease is service connected. Appellant's Br. 1–2. Mrs. Lock requests we re-review Mr. Lock's medical records and reconsider his denial of a service connection. Appellant's Br. 2. This echoes Mr. Lock's request to this court. *See* A.A. 4 ("I ask you judges to review my medical records and reconsider their original decision.").[2] Mrs. Lock does not contend the Veterans Court articulated an incorrect legal standard or interpreted any statute. Rather, her argument is that the Board and Veterans Court erred when they determined Mr. Lock's sickle cell disease was not service connected. We may not review that determination: We lack jurisdiction to reweigh the evidence of Mr. Lock's disabilities and whether they are service connected. *See* 38 U.S.C. § 7292(d)(2); *Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000) ("The weighing of this evidence is not within our appellate jurisdiction."). And because we lack jurisdiction to review Mrs. Lock's factual challenges, we must dismiss Mrs. Lock's appeal for lack of jurisdiction.

## III

We have considered the parties' remaining arguments and find them unpersuasive. For the foregoing reasons, we dismiss for lack of jurisdiction.

### DISMISSED

#### COSTS

No costs.

---

[2]    A.A. refers to the materials attached to Mrs. Lock's informal brief. Dkt. No. 19.